IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 05-332-1 |
| : | |
| MICHAEL ALSTON : | |

Tucker, J.                                                                                               June 22, 2006

**MEMORANDUM AND ORDER**

Presently before this Court is Defendant, Michael Alston's Motion for Withdrawal of Guilty Plea (Doc. 35), and the Government's Memorandum in Opposition (Doc. 38). The Court held a hearing on this motion on June 6, 2006. Upon consideration of the arguments of the parties, as well as for the reasons set forth below, the Court will deny Defendant's motion.

**I. BACKGROUND**

Defendant, Michael Alston ("Alston") was charged in a 14-count indictment, with two counts of mail fraud, in violation of 18 U.S.C. §1341 and twelve counts of health care fraud, in violation of 18 U.S.C. § 1347 for acts occurring between January, 1995 and November, 2000 in Philadelphia, Pennsylvania. On January 9, 2006, Alston appeared before this Court and entered his guilty plea to all the counts in which he was charged – Counts One through Fourteen of the Indictment. This Court engaged Alston in a complete and proper colloquy before accepting his plea of guilty. After being sworn, Alston affirmed that he had ample opportunity to discuss his case with counsel and was satisfied with his counsel. Alston also stated that he reviewed the charges set forth in the Indictment and that he understood the elements of each offense. Alston said that no one was forcing him to plead guilty and he acknowledged that he had not been promised any particular sentence. Moreover, Alston assured the Court that he was pleading guilty because he in fact was guilty. After an

extremely lengthy colloquy, and a discussion of the evidence against him, this Court made clear to Alston that a guilty plea would indicate that he is agreeing that he is guilty of and responsible for the essential elements of the offenses against him this case. Alston still indicated that he wished to plead guilty. Satisfied that Alston was fully competent and capable entering an informed plea, and that he was aware of the nature of the charges and the consequences of his plea, the Court accepted Alston's plea. Months later, Alston filed this motion to ask the Court to revisit that process.

## II. LEGAL STANDARD

FED. R. CRIM. P. 11(d) allows a criminal defendant to withdraw a guilty plea before the Court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." However, once a court accepts a defendant's guilty plea, the defendant is not entitled to withdraw that plea simply at his whim. *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). A district court must consider three factors when evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal. *Id.* The burden of demonstrating a "fair and just" reason falls on the defendant, and that burden is substantial. *United States v. Hyde*, 520 U.S. 670, 676-77 (1997). Neither a change of mind nor the fear of punishment are adequate reasons to impose on the government the expense and difficulty of trying a defendant who has already knowingly acknowledged his guilt. *Jones*, 336 F.3d at 252.

### III. DISCUSSION

After reviewing both the briefs filed by the parties as well as the testimony from the hearing, the Court finds that Alston has not meet the first two factors for the withdrawal of his plea as outlined in *Jones*.[1]

### A. Defendant's Assertion of Innocence

Initially, the Defendant's assertions of innocence were not convincing. Bald assertions of innocence are insufficient to permit a defendants to withdraw a guilty plea. *Jones*, 336 F.3d at 252. Once a defendant has plead guilty, he must not only reassert his innocence but give sufficient reasons why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea. *Id*. at 253. This is where Alston falls short. Alston claims that he made a mistake. However, there are insufficient credible reasons why Alston initially entered his guilty plea and now contradicts that position.

A thorough colloquy was conducted in this case. Defendant gave this Court no indication that he did not understand what was taking place. On the contrary, Alston's responses indicated that he understood and if anything appeared to be unclear, he was given an opportunity to consult with counsel. During the colloquy, Alston indicated that he was pleading guilty because he was in fact guilty. The Court accepted Alston's guilty plea then, and nothing in Alston's brief or his hearing testimony is enough to change the Court's mind. Alston has failed to meet the first *Jones* factor.

---

[1] Because Alston has failed to sustain his burden with respect to the first two *Jones* factors, the Court does not reach the issue of whether a withdrawal of the guilty plea would result in prejudice to the Government.

**B. Strength of Defendant's Reasons for Withdrawing the Guilty Plea**

Not only is Alston's fresh assertion of his innocence unconvincing, but his reasons for wanting to withdraw his guilty plea are not particularly strong either. Alston testified at the hearing that he was overwhelmed by everything that was going on and that he did not know that the Government was seeking to establish a fraud amount of $1.6 million. This explanation is yet another example of Alston's lack of credibility. His statement is directly contradicted by both the Indictment and his responses during the colloquy. The Indictment states in *two separate places* that the fraud amount is in excess of $1 million. During the colloquy, the Court explained the fraud amount issue and that the amount would be decided by the Court. The Court further explained the significance of the fraud amount in determining the sentencing guideline calculation. Alston stated that he understood.

In addition, Alston clearly participated in the colloquy with more than one word answers. The record is clear. Alston asked questions of the Court and his attorney made statements to the Court that confirmed both his understanding of the proceedings and to what charges he was pleading guilty. Before a summary of the facts, the issue of the fraud amount was raised. Defendant was advised that he did not have to plead guilty and could go to trial; again Alston responded that he understood.

After his trial rights and summary of the facts were recited, Alston was asked again if he still wanted to plead guilty. Alston still wished to plead guilty and at no time did he indicate that he was being forced or pressured to enter a guilty plea. At no time did he *ever* say that he did not want to plead guilty. This is simply a case where a defendant had a "change of heart" and that alone is an

insufficient reason to withdraw a guilty plead. *Jones*, 336 F.3d at 252. Defendant's motion is denied.

## IV. CONCLUSION

After careful review of the Motion, the Court finds that both Alston's assertion of his innocence and his reasons for withdrawal lack credibility. Accordingly, the Court will deny Defendant's Motion to Withdraw Guilty Plea.