IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ALSTON, | : | |
| Petitioner, | : | CRIMINAL NO. 05-332-1 |
| v. | : | |
| | : | CIVIL NO. 08-2492 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

MEMORANDUM ORDER

Tucker, J.                                                           December 16, 2008

Presently before this Court is Petitioner Michael Alston's Habeas Corpus Petition to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 69), and the Government's Memorandum in Opposition (Doc. 75). For the reasons below, this Court will deny Petitioner's Motion.

BACKGROUND

On June 14, 2005, Petitioner Michael Alston was charged in a fourteen count indictment with two counts of mail fraud, in violation of 18 U.S.C. § 1341, and twelve counts of health care fraud, in violation of 18 U.S.C. § 1347. The indictment alleged that Petitioner and his wife owned and operated physical therapy centers that billed insurance companies for medical treatments that were not provided. Specifically, eighteen insurance companies paid by mail a total of $1,761,285.54 for first party benefit claims, and bodily injury claims.

On January 9, 2006, Petitioner pled guilty to all counts in the indictment. There was no plea agreement with the government, and the parties agreed that the amount of loss would be litigated at the time of the sentencing. At the guilty plea hearing, the Court conducted a lengthy colloquy of Petitioner prior to accepting his plea. Petitioner affirmed that he had a sufficient opportunity to discuss his case

with counsel and was satisfied with his counsel's representation. Petitioner also stated that he reviewed the charges set forth in the indictment and understood the elements of each offense. Petitioner further indicated that his guilty plea was not coerced, and he was not made any promises in exchange for his plea. Finding Petitioner fully capable and competent to enter into a plea, this Court accepted his guilty plea. Petitioner later filed a motion to withdraw his guilty plea.

The court conducted an evidentiary hearing on Petitioner's motion to withdraw his guilty plea on June 6, 2006. At the hearing, Petitioner asserted his innocence, witness credibility, and lack of understanding of the government's allegation that the fraud loss was in excess of $1,000,000.00 as the reasons behind his attempt to withdraw his plea. On June 7, 2006, this Court denied Petitioner's motion, finding that his assertion of innocence and reasons for seeking plea withdrawal lacked credibility. On June 8, 2006, this Court imposed a sentence of fifty-seven (57) months imprisonment, three (3) years of supervised release, $800,000.00 in restitution, and a $1,400.00 special assessment. This Court also found that Petitioner was a leader and organizer of the fraud scheme, and that he obstructed justice.

Petitioner timely appealed to the United States Court of Appeals for the Third Circuit, alleging the following: 1) this Court erred in imposing a two-level enhancement for obstruction of justice; 2) this Court erred in imposing a four-level enhancement for Petitioner's role as a leader and organizer; and 3) this Court erred in not properly considering the relevant § 3553(a) sentencing factors.

The Court of Appeals affirmed this Court's decision on September 21, 2007. Specifically, the Court of Appeals found that the evidence supported a sentencing guidelines offense level enhancement for Petitioner's role as a leader and organizer of the fraudulent scheme, that the Court made sufficient findings to support enhancement for obstruction of justice, and that the relevant § 3553(a) factors were adequately considered.

On April 21, 2008, Petitioner filed this pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of the Court, who believes that the sentence was imposed in violation of the constitution or laws of the United States, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside, or correct the sentence.  Relief for a habeas corpus petition is proper where judgment was made without jurisdiction, the sentence is not authorized by law, or the prisoner's constitutional rights have been infringed upon.

## DISCUSSION

In his § 2255 motion, Petitioner raises numerous claims.  Among these claims are the following: 1) witnesses relied upon lacked credibility; 2) sentencing violated Booker v. United States, 543 U.S. 220 (2005), because unindicted conduct was used to enhance sentence in violation of Petitioner's constitutional rights; 3) the Government failed to establish the locus delecti of the crimes charged; 4) Petitioner's plea was coerced in violation of the Fifth and Sixth Amendments; 5) this Court lacked territorial jurisdiction; 6) this Court is not an Article III court and any sentence is void; 7) the judge is not independent; 8) Petitioner was denied effective assistance of counsel; 9) the Government concealed exculpatory evidence; 10) no verified complaint exists and the case was void from its inception; 11) no arrest warrant affidavit exists in violation of the Fourth Amendment; and 12) ex parte communications occurred.

This Court will deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, as all of Petitioner's claims are without merit and fail to entitle him to relief.  As a

preliminary matter, two of Petitioner's claims fail because they cannot be relitigated.  Specifically, Ground One, witness credibility, and Ground Two, the alleged Booker violation, were issues that were decided by this Court and that the Court of Appeals affirmed on direct review.  Petitioner may not relitigate claims that were actually decided on direct appeal.  United States v. Derewal, 10 F.3d 100, 105 (3d Cir. 1993).

   Next, a number of Petitioner's claims raise matters related to Ground Eight, ineffective assistance of counsel, and issues he believes his attorney failed to address.  However, these matters are patently irrelevant as they are clearly without merit.  In Grounds Three, Five, Six, Seven, Nine, Ten, Eleven, and Twelve, Petitioner alleges that counsel failed to investigate the Court's jurisdiction, the judge's independence, to obtain discovery that would produce exculpatory evidence, and failed to properly investigate other procedural matters.  All of these assertions are incorrect as a matter of law.  Petitioner was indicted by a properly convened grand jury and charged with violations of federal laws.  The businesses Petitioner owned and operated from which the fraudulent bills that are the subject of the charges were generated were located in the Eastern District of Pennsylvania.  Petitioner sent fraudulent bills through the United States mail and received payments for these fraudulent bills from insurance companies engaged in interstate commerce.  All discovery in this matter, including grand jury transcripts, was provided months in advance of trial.  Petitioner correctly states that the Government is required to produce exculpatory material, but identifies no such material in this case.  If exculpatory materials existed, they would have been provided prior to trial as required by law.  This case was quite clearly properly before this Court for trial.  Counsel was under no obligation to investigate these meritless claims and is not required by the Sixth Amendment to file such meritless motions.  United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).  As a result, only Grounds Four and Eight remain for consideration.

### A.     Ground Four - Voluntariness of Plea

In Ground Four, Petitioner alleges that his plea was not voluntary, but rather was coerced. However, all of the evidence of record indicates that Petitioner's plea was in fact voluntary. Prior to accepting his plea, this Court conducted an extensive colloquy. The Court explained the guilty plea process to Petitioner, reviewed the charges against him, and evaluated his understanding of the consequences that would follow a guilty plea, including his severely limited appellate rights. Throughout the hearing, Petitioner indicated that he understood the proceedings, had ample opportunity to discuss the decision to plead guilty with his attorney, and that he was satisfied with counsel's advice and representation. Petitioner did not state at any time during the proceeding that he was being forced or pressured into pleading guilty, and further testified that he was doing so because he was in fact guilty of the offenses charged.

Moreover, this Court conducted an extensive hearing when Petitioner attempted to withdraw his plea. During that hearing, Petitioner recited his innocence, lack of witness credibility, and lack of understanding of the government's allegation that the fraud loss was in excess of $1,000,000.00 as the reasons behind his attempt to withdraw his plea. At no time did Petitioner indicate that he sought to withdraw his plea because of coercion.

The evidence demonstrates that Petitioner's plea was voluntarily and intelligently entered into. Therefore, Ground Four will not provide Petitioner habeas relief.

### B.     Ground Eight - Ineffective Assistance of Counsel

Petitioner alleges that he received ineffective assistance of counsel from his attorney when counsel allegedly permitted him to enter a coerced plea. However, the Government maintains, and this Court agrees, that Petitioner has not satisfied the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

5

In <u>Strickland</u>, the Supreme Court of the United States established that in order for a defendant to prove ineffective assistane of counsel, he must satisfy a two (2) part test. 466 U.S. at 687. First, the defendant must demonstrate that his counsel's performance was deficient such that the attorney was not functioning as required by the Sixth Amendment right to counsel. <u>Id.</u> Second, the deficient performance must prejudice the defendant such that the defendant was deprived of a fair trial. <u>Id.</u> To prove prejudice, the defendant must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 692. The Petitioner bears the heavy burden of overcoming the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Further, the United States Court of Appeals for the Third Circuit has stressed that the second part of the <u>Strickland</u> test should be evaluated first. See <u>McAleese v. Mazurkiewicz</u>, 1 F.3d 159 (3d Cir. 1993); <u>United States v. Fulford</u>, 825 F.2d 3 (3d Cir. 1987); <u>McNeil v. Cuyler</u>, 782 F.2d 443 (3d Cir. 1986).

Evaluating the second part of the <u>Strickland</u> test first as urged by the Court of Appeals, Petitioner has clearly failed to establish that any aspect of counsel's performance served to prejudice him and deprive him of a fair trial. As discussed above, all evidence indicates that Petitioner's plea was voluntarily and intelligently entered into. Under these circumstances, counsel cannot be found ineffective for allowing Petitioner to enter a guilty plea where it was Petitioner's choice to accept responsibility for the crimes he committed. This Court is satisfied that counsel performed as required by the Sixth Amendment, and that Petitioner voluntarily and knowingly entered his guilty plea. Therefore, Petitioner has failed to fulfill the test to establish ineffective assistance of counsel, and this claim also fails to entitle him to habeas relief.

**C.     Motion for Evidentiary Hearing**

When a motion is made under 28 U.S.C. § 2255, the question of whether to grant an

evidentiary hearing is committed to the sound discretion of the District Court.  The Court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record.  <u>Government of Virgin Islands v. Forte</u>, 865 F.2d 59, 62 (3d Cir. 1988).  Where the record affirmatively indicates that a claim for relief is without merit, this Court may refuse to hold a hearing.  <u>See</u> <u>Page v. United States</u>, 462 F.2d 932, 933 (3d Cir. 1972).

Here, Petitioner's allegations are patently frivolous and without merit, as none of the evidence in the record supports his claims.  As a result, this court will deny Petitioner's Motion for habeas corpus relief without an evidentiary hearing.

Further, as Petitioner has failed to make a substantial showing of the denial of any constitutional right pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall be issued.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL ALSTON,<br>        Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>        Respondent. | :<br>:   CRIMINAL NO. 05-332-1<br>:<br>:<br>:   CIVIL NO. 08-2492<br>:<br>:<br>: |

## ORDER

AND NOW, this ___ of December, 2008, upon consideration of Petitioner's Amended Motion to Vacate/Set Aside/ Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 69), and the Government's Response thereto (Doc. 75), **IT IS HEREBY ORDERED AND DECREED** that Petitioner's Motion is **DENIED**.

IT IS FURTHER ORDERED that the habeas petition is denied without an evidentiary hearing and that no certificate of appealability shall be issued.

IT IS FURTHER ORDERED that the Clerk of the Court shall mark the above-captioned case as **CLOSED** for statistical purposes.

BY THE COURT:

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**